3 w 299
1  532

[Decided January 28, 1887.]

PETER TIMM AND GEORGE FORCK, PARTNERS, v. NORTHERN PACIFIC RAILROAD COMPANY.

1. NEGLIGENCE — RAILROAD COMPANIES — CATTLE ON TRACK — FENCING PASTURES. — The law of Washington Territory does not require cattle to be fenced in or herded, and it is not negligence in the owner to permit them to go upon a railway track, even though he knew it to be unfenced.

2. SAME — FENCING TRACK. — Neither does the law require the track to be fenced, and it is not, in itself, negligence on the part of the company to suffer it to remain unfenced.

3. SAME — FREIGHT TRAIN — DUTY OF ENGINEER. — An engineer is bound to use such skill and caution in the conduct of his train as a man of ordinary prudence, and of skill and experience in the management of trains, under like circumstances, would exercise; and such skill and prudence requires him, in the running of an ordinary freight-train not peculiarly circumstanced, where he sees cattle on the track, and sounds his engine whistle, and they afterwards run a distance of about 260 yards upon the track away from the train, to bring it to a stand-still, if he can do so with reasonable diligence, and with due regard to the safety of property and life on the train, rather than to injure the cattle.

4. SAME — CONTRIBUTORY NEGLIGENCE — NONSUIT. — It is error to direct a nonsuit where the evidence offered by plaintiff on resting his case showed that the engineer did not attempt to stop the train, under this state of facts, but ran over the cattle, as it was *prima facie* negligence on the part of the engineer, in the management of the train, not to stop it under such circumstances.

ERROR to the District Court holding terms at Tacoma. Second District.

The complaint alleged that plaintiffs' cattle, without plaintiffs' fault, casually strayed upon defendant's railroad track, which was not guarded or inclosed by defendant, and while on said track were run over and killed by defendant's locomotive, owing to the careless and negligent management of the locomotive by defendant. Defendant denied the charge of negligence, and admitted the killing of the cattle, the unfenced condition of the track, and averred affirmatively that the killing was accidental, without any fault and negligence on the part of the defendant, but happened through the fault and carelessness of plaintiff in allowing the cattle to stray upon the track and road of defendant. Trial by jury, and at close of plaintiffs' testimony, defendant moved for nonsuit, which was granted, and plaintiffs appealed. All other material facts appear in the opinion of the court.

*Mr. James Wickersham,* for Plaintiffs in Error.

The common-law rule that one must keep his stock on his own land is not in force in this territory. (Code, secs. 290, 295, 299; *Logan* v. *Sydney,* 38 Cal. 378; *Campbell* v. *Bridwell,* 5 Or. 311; *Vicksburg etc. R. R. Co.* v. *Patton,* 66 Am. Dec. 552; *Kerwhacker* v. *Cleveland etc. R. R. Co.,* 62 Am. Dec. 246.) Courts will not grant a nonsuit where there is even slight evidence to support the plaintiffs' case. Negligence is usually a logical inference to be drawn from all the facts in the case, under the instructions of the court. (Deering on Negligence, sec. 403; Proffatt on Jury Trial, sec. 298; *Harris* v. *Litchfield,* 69 Am. Dec. 546; Wharton on Negligence, sec. 240; *Bass* v. *Railroad Co.,* 28 Ill. 9.)

*Messrs. McNaught, Ferry, McNaught, & Mitchell,* for Defendant in Error.

To support the nonsuit, among a large list of authorities the counsel cited *Railroad Co.* v. *Houston,* 95 U. S.

697; *Schofield* v. *Railroad Co.*, 114 U. S. 615; *Pennsylvania R. R. Co.* v. *Beale*, 6 Am. & Eng. R. R. Cas. 158; *Railroad Co.* v. *Miller*, 5 Am. R. R. Rep. 470; *Price* v. *Railroad Co.*, 32 N. J. L. 239; *Tuley's Adm'r* v. *Fitchburg R. R. Co.*, 14 Am. & Eng. R. R. Cas. 682; 1 Thompson on Negligence, 153; Wharton on Negligence, sec. 899; 1 Redfield on Railways, 478, 501.

Mr. Chief Justice Greene delivered the opinion of the court.

In rounding a curve, the railway train of defendant in error suddenly came upon three cows of plaintiffs in error, and struck and injured two of them. An action for damages was brought, alleging, as ground of recovery, negligence in leaving the track unfenced. It ended in a nonsuit, judgment of dismissal, and appeal to this court. The sole error assigned is the nonsuit and consequent dismissal. A statement of facts brings up the evidence. Plaintiffs in error claim that their evidence in the District Court showed *prima facie* negligence in defendant, and no contributory negligence in plaintiffs. Defendant in error contests both branches of this claim. No contributory negligence is suggested, unless it consist in the mere fact that the cattle were astray upon the railway track. But the law of this territory does not require the owner of cattle to keep them from roaming at large over uninclosed land, nor to keep them under his eye. The law being such, their presence on the track is not to be deemed negligence in him, even though he know, as the evidence in this case shows, the plaintiffs did know the track to be unfenced. As showing negligence in the railway company, it is claimed from the evidence that their track was unfenced, that brush was allowed to grow along the right of way, hindering the view of the track where the cattle were from the engineer of the approaching train, and that the train was carelessly managed by the engineer. But no law required the fencing of the

track, and the evidence does not disclose that any brush was growing on the right of way. It appears, however, that when the train came in sight of the cattle, the whistle was sounded, and that the cattle ran two hundred and fifty or two hundred and seventy-five yards before any of them were overtaken and struck. It is in evidence that the train consisted of an engine and sixty or seventy cars loaded with coal. What was the description of the train otherwise, or of the whistle blast, or of the railway grade, or of the engine, or how far from the cattle the train was when they could have been first sighted from it, or within what space the train could have been stopped, or how the speed of the train after sighting the cattle, or as it neared them, was as compared with its speed before, does not transpire. The engineer was bound to use that skill and caution in the conduct of his train that a man of ordinary prudence and of skill and experience enough for the safe management of such a train so circumstanced as his was would have exercised.

Such skill and caution would have led him to bring his train to a stand-still, if by reasonable diligence, and with due regard to the safety of the property and life on the train he could do so, rather than injure the cattle. It is not by any means clear that the engineer was in fault. But after careful consideration of the evidence, we are come to the opinion that it might safely be assumed by court and jury that the train, in all respects other than those disclosed in evidence, was an ordinary train, and not peculiarly circumstanced, and that an ordinary train thus circumstranced might, without danger to itself or any freight or life aboard it, have been stopped within the space of 270 yards.

If we are correct in this opinion, there was a *prima facie* case made by plaintiffs' evidence, and the cause should not have been taken from the jury.

The judgment of the District Court must be reversed and a new trial ordered.

Langford, J., and Turner, J., concurred.